## John H. Harris vs. Granville Whitcomb & others.

In an action against selectmen for refusing to receive the vote of an inhabitant of the town, parol evidence that the plaintiff's name was on the voting list is inadmissible without first giving notice to produce the list.

The fact that a person's name is on the voting list when the meeting is opened and the voting commences is *prima facie* evidence of his right to vote.

The remedy of one whose name is erased from the voting list by the selectmen before the voting commences, and whose vote, when offered, is refused by them, is an action against them for erasing his name, and not an action for refusing his vote.

Action of tort against the three selectmen of Boxborough. Writ dated November 9th 1852. The plaintiff in his declaration alleged " that he was a citizen of Boxborough in said county, and was by law entitled to vote for electors of president and vice president of the United States in said Boxborough; that the defendants were the selectmen of said Boxborough, legally chosen and qualified, and bound by law to receive the vote of said plaintiff for said electors; that the said plaintiff, on the day of the presidential election in November last, his name being duly entered on the check list in said Boxborough, offered and tendered to said defendants his vote, according to law; and that the defendants refused to receive the same wrongfully and knowingly."

At the trial at April term 1854, before *Metcalf*, J., a witness, called by the plaintiff, testified that he was a distributor of envelopes for votes at said meeting; (which was held on the 1st of November 1852;) that, just before the voting began, he saw Taylor, the chairman of the selectmen, draw a pencil across the plaintiff's name on the two lists of voters which the selectmen had, one for their own use, and the other for the use of the distributors; that the plaintiff's name was on the several lists of voters which were posted up about the town before the meeting; and that he did not know what became of any of the lists. The defendants objected to this parol testimony, because notice had not been given to them to produce either of the lists, and because no evidence had been introduced to show that they were lost. But the objection was overruled.

The plaintiff introduced evidence tending to show that he resided in the town of Boxborough for six months next preceding the time of voting, and had paid within two years a county tax assessed upon him in that town ; that he offered his vote to the selectmen at the meeting, and at the proper time, and claimed a right to vote ; that one of the distributors of envelopes inter-posed, and inquired of the selectmen if they should refuse the plaintiff's vote, and that Taylor, the chairman, answered " Yes, if his name has been erased from the list " ; that the plaintiff again offered his vote, and claimed the right of putting it into the ballot box ; that the selectmen then consulted together, and Whitcomb, one of the defendants, said, " If there was no other ground for refusing his vote, he is a fugitive slave, and that would be sufficient " ; that Taylor, the chairman, then said that the plaintiff was not a citizen of Boxborough, and his vote was refused. It did not appear that the third defendant did or said any thing about the plaintiff's voting, but it appeared that he was present during this consultation and when the remark of the chairman was made.

The defendants moved the court to nonsuit the plaintiff, " 1st. Because the evidence did not support the declaration ; 2dly. Because the plaintiff offered no other evidence, besides that herein reported, of his qualifications as a voter ; 3dly. That the assertion of Whitcomb, that the plaintiff was a fugitive slave, threw upon the plaintiff the burden of showing that he was not such fugitive ; 4thly. That there was no evidence against the defendants other than Taylor and Whitcomb." But the judge refused to advise a nonsuit ; and the case went to the jury, who found a verdict for the plaintiff against the three defendants. The defendants alleged exceptions, which were argued and decided at October term 1854.

*B. F. Butler*, for the defendants.

*G. F. Farley & J. Q. A. Griffin*, for the plaintiff.

SHAW, C. J. The court are of opinion that the voting list used at the election was an official document ; that, in theory, it is in the custody of the town clerk, as the keeper of the records, documents, official files and papers of the town, and should be

regarded as an important document, and ought to be certified or otherwise authenticated, and recorded, or filed and preserved, for the security, as well of the voters, as of the selectmen and other officers. Taking this view, we think the voting list is the primary and regular evidence that any one's name is or is not on the list, and essential to the proof that a party has been admitted or rejected by the selectmen, as judges of the qualifications of electors. Then, according to the general rule on the subject, before using secondary evidence, notice to produce, or a *subpœna duces tecum,* must be issued, either to the town clerk, the selectmen for the time being, or the person who has the keeping of the muniments of title and other official papers. If the original document is produced and authenticated as the voting list, we think it is the conclusive evidence upon the question whether a person was admitted as a qualified voter at such meeting or not, and that parol proof or other secondary evidence would not be admissible to control it. As the parol evidence was admitted in the present case, without notice to produce the voting list, against the objection of the defendants, we think there must be a new trial.

But in reference to the facts of the present case, it seems proper to add, that if, when the meeting is opened and the voting commences, the name of a person stands on the list, as that of one qualified and entitled to vote, he has *prima facie* a right to vote, and has no occasion then to offer proof of his title; but the selectmen may still strike off his name and reject his vote, if they can prove that he was not entitled to vote, or if they are prepared to show that he has not paid a tax within two years, or any other decisive fact of the like kind. *Humphrey* v. *Kingman,* 5 Met. 168. If the party's name is not on the list, he must seasonably apply to the selectmen and offer proof of his right, and require his name to be placed on the list; and proof of such proceeding is necessary to maintain his action. *Blanchard* v. *Stearns,* 5 Met. 298. *Waite* v. *Woodward,* 10 Cush. 143.

As to the form of declaring, we think that where the name of a person is placed on the list, and so remains to the commencement of the meeting, and the selectmen then, on their

responsibility, strike off the name of such person, and he brings an action against the selectmen on the ground of his vote being refused when he had a right to vote, the gravamen of the case will be the refusal to receive his vote, and not the refusal to place his name on the list. *New trial ordered.*

Upon the new trial at April term 1855, the plaintiff introduced evidence tending to show that the defendants erased his name from the list of voters at a meeting of the selectmen held just before the town meeting ; that his name was on the lists of voters posted up in public places in the town before the election ; that he offered his vote at the election, but the defendants refused to receive it, his name not being then borne on that list.

The plaintiff did not, at the election, or at any other time, offer any evidence to the defendants, of his having the legal qualifications of a voter in the town ; nor did he request that his name should be inserted on the list of voters ; but he tendered his vote, which was refused.

Upon this evidence, the defendants contended that they could not be held liable for refusing to receive the plaintiff's vote at said election, because, by law, the defendants had no right to receive the vote of any person whose name was not borne on the voters' list at the election ; and it appearing that the plaintiff's name was erased from the list before the election took place, and before the meeting was opened, that this action could not be maintained ; but the plaintiff's remedy was by another action, charging the defendants with wrongfully erasing his name from the list. *Bigelow*, J. nonsuited the plaintiff; and the nonsuit was confirmed at this term by the full court.